# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO.  1:04 CR 567** |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **JEFFREY J. MOFFIE, et al.** | ) | **AND ORDER** |
| | ) | |
| **DEFENDANTS** | ) | |

This matter is before the Court upon the Defendant Moffie's Motion to Compel Enforcement/Early Return of Subpoena, see (Dkt. # 63), and the Motion to Modify Subpoena Directed to Hahn, Loeser & Parks, LLC [sic], see (Dkt. # 76).

On November 17, 2004, the Grand Jury of the United States District Court for the Northern District of Ohio issued an Indictment charging the defendants with one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1344 as proscribed by 18 U.S.C. § 371 ("Count I"), and three counts of devising a scheme to commit bank fraud in violation of 18 U.S.C. § 1344 and aiding and abetting in violation of 18 U.S.C. § 2 ("Counts II-IV"). See (Dkt. # 1). On September 6, 2005, the Defendant, Jeffrey J. Moffie, issued a subpoena pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure to Hahn, Loeser & Parks, LLP requesting:

> any and all documents concerning legal claim(s) and/or cause(s) of action asserted by Bank One (or any insurer or representative thereof) relative to Hahn, Loeser & Parks, LLP and/or Ken Lapine, or any other attorney employed by or associated with Hahn, Loeser & Parks LLP, representation of Bank One,

-1-

> Cambridge Investment Group, Jeff Moffie, Dale Delgado, Gary Cerasi (or any other corporate entity or business entity in which said individuals were principals, AIM Inc., and/or Paul Hait concerning dealings with Bank One between 1/1/94 and the present, specifically including, but not limited to: correspondence, legal pleadings, internal memorandum, and/or settlement documents (including accounting and/or financial records.)

(Dkt. # 63.)

During a Final Pre-Trial held before this Court on September 8, 2005, counsel for the Defendant Moffie indicated that he anticipated that Hahn, Loeser & Parks, LLP would not comply with the subpoena prior to the scheduled trial date of September 20, 2005. The Court instructed counsel to contact the recipient and encourage immediate compliance with the subpoena. Defense counsel thereafter communicated with Hahn, Loeser & Parks, LLP who indicated that the requested documents would be delivered on or before September 14, 2005. See (Dkt. # 63 at 2). On September 13, 2005, Hahn, Loeser & Parks, LLP advised defense counsel that no documents would be produced as a result of a confidentiality agreement entered into between Hahn, Loeser & Parks, LLP and non-party JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A. ("Bank One"). See (Dkt. # 63 at 2). Hahn, Loeser & Parks, LLP further advised Bank One would filed a motion to quash the subpoena. See (Dkt. # 63 at Ex. # 4).

Defendant Moffie filed its motion to compel production with the subpoena on September 16, 2005, see (Dkt. # 63). Bank One filed its motion to modify subpoena the following business day, see (Dkt. # 76).

Rule 17(c) of the Federal Rules of Civil Procedure provides, in pertinent part:

A subpoena may order the witness to produce the books, papers, documents, data or other objects the subpoena designates. The court may direct the witness to

> produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

FED. R. CRIM. P. 17 (c). Rule 17(c) authorizes the issuance of a subpoena for the production of documentary evidence at trial, but is not intended to be used for discovery. See United States v. Nixon, 418 U.S. 683, 702 (1974). Rule 17(c) also provides that the court may direct pretrial production of documentary evidence. A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant. See United States v. Kalter, 5 F.3d 1166, 1169 (8th Cir. 1993) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 n.5 (1951)).

> Production pursuant to Rule 17(c) is appropriate where it is shown that:
>
> (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is not a fishing expedition.

See Nixon, 418 U.S. at 688.

The factual setting underlying the present motions is relatively straightforward. At some time during the period charged in the Indictment, Defendant Moffie employed the legal services of Attorney Lapine, then a practitioner at Hahn, Loeser & Parks, LLP. According to Defendant Moffie, Attorney Lapine thereafter assisted in the design and implementation of the business plan (referred to as the "Leveraged Asset Plan" or "LAP") giving rise to the Indictment. Bank One then threatened to bring suit against, *inter alia*, Defendant Moffie, Hahn, Loeser & Parks, LLP, and Attorney Lapine, for the losses allegedly caused by the LAP. The suit was never filed as Bank One, Hahn, Loeser & Parks, LLP, and Attorney Lapine

resolved the matter according to terms established in a Settlement Agreement.

As indicated in the Rule 17(c) subpoena, Defendant Moffie requested documents relating to the Hahn, Loeser & Parks, LLP -Bank One dispute. Upon receiving the present motions, the Court contacted counsel for Hahn, Loeser & Parks and Bank One and requested that any materials designated in the subpoena and otherwise withheld be provided to the Court for an in camera inspection. Hahn, Loeser & Parks, LLP and Bank One provided the materials the following day – September 20, 2005.

The materials received by the Court included the following: (1) the Settlement Agreement; (2) a Confidentiality Agreement; (3) a Confidential Mediation Statement of Hahn, Loeser & Parks, LLP; and (4) documents produced to Hahn, Loeser & Parks, LLP by Bank One during the mediation process including, the draft complaint against Hahn, Loeser & Parks, LLP that was not filed, draft loan agreements, and internal Bank One memoranda. The Court inspected the materials in camera and made a preliminary finding that the only document at issue was the Settlement Agreement. Specifically, the Court determined that the overwhelming majority of the produced materials were presently in the Defendant Moffie's possession and, or irrelevant. The Court consequently held a pre-trial conference with counsel for the Government and the defendants whereby all parties concurred that the lone document at issue was the Settlement Agreement.

The Court held a full hearing regarding the admissibility of the Settlement Agreement on September 21, 2005. Counsel for Defendant Moffie asserted that the Settlement Agreement was relevant to the issues of whether Defendant Moffie acted on the advice of counsel and, or, acted in good faith. Counsel for the Government countered that the

-4-

Settlement Agreement lacked any relevance. While counsel for Hahn, Loeser & Parks, LLP and Bank One were notified of the hearing, they elected to rely on the arguments presented in their motion and supporting memorandum, as well as the arguments of the Government.

As in the context of a Rule 17(c) inquiry, the threshold issue before the Court is whether the settlement agreement is relevant evidence. Evidence that is relevant generally is admissible. See FED. R. EVID. 402. Evidence is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the evidence." FED. R. EVID. 401.

However, not all relevant evidence is admissible. Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by . . . needless presentation of cumulative evidence." FED. R. EVID. 403.

Additionally, Rule 408 of the Federal Rules of Evidence generally requires the exclusion of evidence pertaining to offers to compromise.[1] See FED. R. EVID. 408. However,

---

[1]Rule 408 provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

the United States Court of Appeals for the Sixth Circuit has interpreted Rule 408 as applying only in the context of civil proceedings.  See United States v. Logan, 250 F.3d 350, 367 (6th Cir. 2001) ("[T]he plain language of Rule 408 makes it inapplicable in the criminal context."). Consequently, the Court's determination of relevancy controls the admissibility of the Settlement Agreement.

Defendant Moffie contends that the Settlement Agreement is relevant to the issue of whether he acted upon the advice of counsel and, or whether he acted in good faith.  The elements of a reliance on counsel defense are (1) full disclosure of all pertinent facts to counsel, and (2) good faith reliance on counsel's advice.  See United States v. Lindo, 19 F.3d 353, 356 (6th Cir. 1994). Good faith, a complete defense to claims of fraud, requires proof of a genuine belief held by the defendant at the time each alleged false statement or representation was communicated, that each statement or representation was true.  See United States v. Stull, 743 F.2d 439, 446 (6th Cir. 1984).

The Court finds that the existence of the Settlement Agreement is relevant to issue of the advice of counsel and good faith defenses.  Defendant Moffie intends to call Attorney Lapine as a defense witness and pose questions relating to the Hahn, Loeser & Parks, LLP and Bank One settlement.  The existence of the Settlement Agreement gives rise to the potential inference that Attorney Lapine was fully aware of the pertinent facts relating to the LAP (information likely provided by Defendant Moffie) as evidenced by Bank One attempting to hold Attorney Lapine and Hahn, Loeser & Parks, LLP liable for losses allegedly caused by the LAP.  Any such inference to be drawn by the finder of fact bears on the issue as to whether Defendant Moffie fully disclosed all pertinent facts to Attorney Lapine.

However, the Court finds that the terms of the Settlement Agreement lack any relevance to the defenses raised by the Defendant Moffie. The precise terms of the Settlement Agreement only demonstrate the manner in which two non-parties resolved their dispute. Indeed, the Settlement Agreement expressly provides that it is not to be interpreted as an admission of liability.

The Court notes that the parties to the Settlement Agreement expressly agreed to strict confidentiality provisions. The parties nevertheless agreed that the existence of the Settlement Agreement could be disclosed upon service a Court order requiring disclosure.. Upon consideration of the foregoing, the Court finds that the existence of the Settlement Agreement is relevant to the issue to his advice of counsel defense; specifically, whether Defendant Moffie fully disclosed all pertinent information to his counsel. The Court further finds that it shall employ protections to ensure that the finder of fact does not consider the Settlement Agreement for any other purpose including, but not limited to, an admission of liability on the part of the Hahn, Loeser & Parks, LLP and, or Attorney Lapine. Consequently, the Court shall issue a limiting instruction to that effect upon the introduction of evidence relating to the existence of the Settlement Agreement. Moreover, the Court shall exclude any and all evidence relating to the terms of the Settlement Agreement.

Accordingly, the Court hereby orders that the Defendant Moffie's Motion to Compel Enforcement/Early Return of Subpoena, see (Dkt. # 63), and the Motion to Modify Subpoena Directed to Hahn, Loeser & Parks, LLC [sic], see (Dkt. # 76) are **GRANTED IN PART AND DENIED IN PART**.

-8-

**IT IS SO ORDERED**.

**/s/ Peter C. Economus - September 21, 2005**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**

Case: 1:04-cr-00567-CAB Doc #: 79 Filed: 09/21/05 8 of 8. PageID #: 615